UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARK SANDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:05-CV-276 PS |
| ) | |
| THE CITY OF EAST CHICAGO, ) | |
| INDIANA and GEORGE PABEY, ) | |
| individually ans in his capacity as ) | |
| Mayor of the City of East Chicago, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is Defendants' Bill of Costs.  For the following reasons, the bill is granted.

## BACKGROUND

On May 21, 2007, this Court entered summary judgment against Plaintiff Mark Sanders in this case brought under 42 U.S.C. § 1983 [DE 40].  Defendants timely filed a Bill of Costs [DE 42], seeking reimbursement for court reporter and deposition transcription fees, photocopying expenses during discovery, and fees for serving subpoenas.  Defendants request a total of $1,720.32 in costs.   Those costs break down as follows:

        Court Reporter and Deposition Fees       $1,101.38

        Photocopy Expenses       $61.44

        Fees for Service of Subpoenas       $557.50

Plaintiff has not filed any response or objection to Defendants' request for costs.

1

**DISCUSSION**

Federal Rule of Civil Procedure 54(d)(1) governs the award of costs. Costs other than attorneys' fees are allowed as a matter of course to the prevailing party unless the Court directs otherwise. Fed. R. Civ. P. 54(d)(1). However, Rule 54(d) allows a party to recover only those costs listed in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987); *Winniczek v. Nagelberg*, 400 F.3d 503, 504 (7th Cir. 2005). These costs include:

> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees . . . ;
>
> (6) Compensation of court appointed experts . . . .

28 U.S.C. § 1920. While the district court has wide discretion in awarding costs, Rule 54(d)(1) creates a "presumption in favor of a cost award" as long as the costs are statutorily authorized. *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000); *see also Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005) (holding that "[t]here is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate."). Before assessing costs, the court must determine (1) "that the expenses are allowable cost items," and (2) "that the amounts are reasonable and necessary." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 642 (7th Cir. 1991). For the reasons given below, the Court finds that all of the costs requested are

appropriate under 28 U.S.C. § 1920.

Defendants first request $1,101.38 for costs associated with the taking, transcription and delivery of Plaintiff's deposition and four other witness depositions. The Court finds that these cost are authorized under § 1920(2), and that they were reasonable and necessary to the defense of this case. *See Beamon*, 411 F.3d at 864. This finding is further bolstered by Defendants' request for those fees associated solely with this litigation. Defendants have omitted costs incurred during the same deposition but related to a different case. (Defs. Ex. 2.) Therefore, the Court awards $1,101.38 to Defendants as appropriate costs under § 1920(2). (Defs. Exs. 1 & 2.)

Defendants also request $61.44 for photocopies of documents produced in response to Plaintiff's discovery requests. (Defs. Ex. 3.) The Court finds that these costs are authorized by § 1920(4), and that they were necessary to the litigation. Defendants are charging $.12 per page for photocopying, which we find to be reasonable. Accordingly, the Court awards $61.44 to Defendants for photocopying costs under § 1920(4).

Lastly, Defendants request $557.50 for fees incurred for service of subpoenas on Plaintiff's former and current employers. (Defs. Ex. 4.) § 1920(1) authorizes the court to tax costs for fees of the clerk and marshal. § 1920(1). Although the service of subpoenas was performed by a private process server, the Seventh Circuit has held that a prevailing party may recover those fees provided they do not exceed the amount the marshal would have charged for the same. *See Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996). Because Plaintiff has raised no objection to Defendants' cost requests, he has waived any objection to Defendants' request for service fees. *See Palmer v. Marion County*, 327 F.3d 588, 597 (7th Cir. 2003). Therefore, the Court awards $557.50 to Defendants as an appropriate cost under § 1920(1) and

3

finds that it was reasonable and necessary to the litigation.

## CONCLUSION

For the foregoing reasons, Defendants' Bill of Costs [DE 42] is **GRANTED**.  Defendants are awarded costs of $1,720.32.

**SO ORDERED.**

ENTERED: July 23, 2007

s/ Philip P. Simon<br>
PHILIP P. SIMON, JUDGE<br>
UNITED STATES DISTRICT COURT