UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| MARK SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:05-CV-276 PS |
| | ) | |
| THE CITY OF EAST CHICAGO, | ) | |
| INDIANA and GEORGE PABEY, | ) | |
| individually ans in his capacity as | ) | |
| Mayor of the City of East Chicago, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is Plaintiff's Motion to Reconsider [DE46] the Court's July 23 Opinion and Order [DE44] granting Defendants' Bill of Costs [DE42]. As discussed below, the Motion is granted and the July 23 Order is modified.

## BACKGROUND

On May 21, 2007, this Court entered summary judgment against Plaintiff Mark Sanders in this case brought under 42 U.S.C. § 1983 [DE40]. On June 4, Defendants timely filed a Bill of Costs and a Memorandum in support thereof, seeking reimbursement for costs totaling $1,720.32. Those costs break down as follows:

| | |
|---|---|
| Court Reporter and Deposition Fees | $1,101.38 |
| Photocopy Expenses | $61.44 |
| Fees for Service of Subpoenas | $557.50 |

Although not typically the process for bills of cost in this district, on July 23 this Court granted Defendants' request without the Clerk of the Court first entering a notice of taxation of costs. As

1

noted in the Order, Plaintiffs had not objected to the Bill of Costs.  (July 23 Opinion & Order at 1.)

In the present Motion, Plaintiff asserts that, because the Clerk had not acted on the Bill of Costs, Plaintiff was not given the opportunity to object to the Bill of Costs before the Court ruled.  (*See* Mem. in Supp. of Pl.'s Mot. to Reconsider [DE48] at 1.)  Furthermore, Plaintiff also contends that the Bill is excessive because it contains costs that are not properly included under 28 U.S.C. § 1920.  Specifically, Plaintiff disputes the deposition transcript costs and the service costs.  (*Id*. at 2-4.)

On September 5, Defendants filed their response to Plaintiff's Motion.  (*See* Defs.' Resp. in Opp'n to Pl.'s Mot. to Reconsider [DE49].)  Defendants rely on two procedural arguments: 1) that Plaintiff waived his right to challenge the Bill of Costs by neglecting to respond to the Bill of Costs within fifteen days, (*id*. at 1-2); and 2) because the July 23 Order is final and appealable, a motion for reconsideration must be premised upon Federal Rules of Civil Procedure 59(e) or 60(b), both of which establish burdens the Plaintiff cannot meet here, (*id*. at 2-3).

Because the typical process for awarding costs was not followed here, the Court grants Plaintiff's Motion.

## DISCUSSION

The typical process for awarding costs is as follows: the prevailing party files a bill of costs, the clerk enters a notice of taxation of those costs, and the party being taxed then seeks review from the district court stating its objections to the bill.  *See* Fed. R. Civ. Pro. 54(d)(1).  Although issuing an order before the clerk has entered a notice of taxation is not prohibited, *see*

2

*BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 417-19 (6th Cir. 2005) (citing *Nelson v. Darragh Co.*, 120 F.R.D. 517, 518 (W.D. Ark. 1988); *Deering, Milliken & Co. v. Temp-Resisto Corp.*, 169 F. Supp. 453, 456 (S.D.N.Y. 1959)), it is not the norm.

Because the Clerk never acted on the Bill of Costs pursuant to Rule 54(d)(1), Plaintiff was never able to raise his objections through a motion for review. Instead, it appears that Plaintiff simply relied on the assumption that the standard process would be followed. The Court cannot fault him for such reliance here. Thus, Plaintiff's failure to raise his objections was the result of "mistake, inadvertence, surprise, or excusable neglect" and the Court will therefore reexamine the July 23 Order pursuant to Rule 60(b).

Federal Rule of Civil Procedure 54(d)(1) governs the award of costs and, while the district court has wide discretion in awarding costs, Rule 54(d)(1) creates a "presumption in favor of a cost award" as long as the costs are statutorily authorized. *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000); *see also Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005) (holding that "[t]here is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate."). As noted in the July 23 Order, the costs sought here all fall within both Rule 54 and the requirements of 28 U.S.C. § 1920.

Plaintiff now objects, but only to the amount of the court reporter and deposition fees and of the fees for service of subpoenas. With respect to the court reporter and deposition fees, Plaintiff argues that Defendants seek to improperly include fees for copies of transcripts and expedited delivery. The Court does not find that to be the case. First, it does not appear that Defendants are seeking improper copying costs. There is no line item on Defendants' exhibits

3

for costs of duplicating transcripts.  (*See* Mem. in Supp. of Defs.' Bill of Costs [DE43], Exhibits 1-2.)  In addition, because this case was similar to another case filed by a separate plaintiff who was represented by Plaintiff's counsel, Defendants claim that the parties decided to consolidate some of the depositions.  (*See id*. at 3-4.)  Therefore, even if Defendants did include some copying costs, they were incurred in lieu of another deposition and the Defendants have apportioned those costs in a reasonable manner.  Thus, this Court does not find any improper copying costs are requested here.  Second, contrary to Plaintiff's claims, it does not appear that Defendants have included unnecessary costs for expedited delivery.  In fact, Defendants disclaimed such extras.  (*See id*. at 4 (noting that Defendants have included only the "standard delivery charges") (emphasis added).)  Plaintiff does not point to specific line items within the exhibits as being improper.  Defendants appear to have been careful to include only those costs that were reasonable and necessary to this particular litigation, and have not included costs unrelated to this case.  (*See, e.g.*, July 23 Opinion & Order at 3.)  Without further detail from Plaintiff, the Court finds that Defendants have satisfied their burden with respect to the deposition costs.  (*See id*. at 3.)

Plaintiff also objects to Defendants calculation of service costs.  Plaintiff contends that Defendants are only entitled to service costs equal to that which the United States Marshal Service would have charged ($40 per hour for the first two hours and $20 per hour thereafter), and that, because Defendants did not provide a breakdown of their costs, it is unclear if they are in line with the Marshal's rates.  (*See* Mem. in Supp. of Pl.'s Mot. to Reconsider at 3-4 (citing *Goldsmith v. Chicago Police Officers*, No. 02 C 5777, 2005 WL 442230, at * 4 (N.D. Ill. Feb. 22, 2005)).)  Plaintiff has a point.  According to the exhibits, Defendants served four subpoenas.

(*See* Mem. in Supp. of Defs.' Bill of Costs, Exhibit 4.)  But the invoices do not break down the costs on a per hour basis.  As a result, the Court will assume that it took only one hour per subpoena, *see Johnson v. City of Elgin*, No. 99 C 8288, 2002 WL 171971, at *5 (N.D. Ill. Feb. 1, 2002), and will according reduce the costs to $160.00.  These costs are otherwise proper.  (*See* July 23 Opinion & Order at 3-4.)

As outlined in the July 23 Order, the remaining costs are reasonable and necessary.  (*See id*. at 3.)

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Reconsider [DE46] is **GRANTED IN PART**.  The July 23 Opinion and Order [DE44] is hereby **MODIFIED**.  Defendants' Bill of Costs [DE41] is **GRANTED IN PART**, and Defendants are awarded costs of **$1,322.82**.

**SO ORDERED.**

ENTERED: November 15, 2007

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

5